The opinion of the court was delivered by
DeBlanc, J.
The city was enjoined from using and maintaining on the land of the plaintiff, a canal running from North Line Street to Lake Pontchartrain, and from draining into said canal, and over the property of the plaintiff, and from entering upon the land of the plaintiff and from trespassing thereon, and from preventing the plaintiff’s damming said canal so as to prevent the city’s draining therein.
The district court permitted the city to bond the injunction, and dispensed the city from giving security.
From this order the plaintiff appealed.
*971 The right to bond is claimed under article 307, 0. E.,and to bond1 without security, under sec. 33, City Charter. E. S. acts 1870, page 44.
Art. O. P. 307 provides : Whenever the act prohibited by the injunction is not such as may work an irreparable injury to the plaintiff, the court may in their discretion dissolve the same: provided the defendant execute his obligation in favor of the plaintiff, with the surety of one good and solvent person residing within the jurisdiction of the court,, for such sum as the court may determine, according to the nature of the-case, as security that he will deliver the property in dispute in the same state in which it was at the moment of issuing the injunction, and that he will pay besides to the plaintiff all damages he may have sustained ' by this act, if a definitive judgment be rendered against him in the suit-pending.
Two questions are presented for determination : First — Is this a-case in which the Oity can be dispensed from furnishing the bond required by art 307 of the O. P.? Second — Is the act prohibited by the injunction such as may work an irreparable injury?
I.
Plaintiff’s action is a judicial proceeding, in which one of the litigants is the City of New Orleans, and the City’s Charter provides: that it shall be dispensed from furnishing bond or security in all judicial proceedings where — by law — bond and security are required from litigants— The Judge of the lower court properly held that — under the provisions-of its charter, the City could obtain a dissolution of the injunction issued against it, without furnishing bond and security. For the damages which may result from that dissolution, every one of the inhabitants who reside within the limits of this vast corporation is answerable, and when and where all are bound, it would have been mere surplusage to add a separate and individual obligation, to a collective and corporate-responsibility.
II.
Is the act prohibited by the injunction one which may cause am irreparable injury to plaintiff? What is the act complained of? Does it involve a change of any one of the parties’ possession, or a change of their respective positions, as they existed at the date of, and immediately preceding the issuance of the injunction?
Plaintiff alleges that in August 1871 — more than six years ago — the-commissioners of the second drainage district forcibly, wrongfully and illegally entered upon its land, and — then and there — begun to dig a canal, afterwards completed by the city — which extends from North line Street, and through the entire length of said land, to lake Pontehartrain, a distance of 16,459 feet. That, by means of that canal, the waters and *972 •filth of the City have been carried over the property of plaintiff, which— lor this and the other causes it alleges — claims from the City the sum of one hundred thousand dollars, and asks that it be perpetually enjoined from draining into said canal.
Had the court refused to dissolve the injunction, it is manifest that, during the approaching summer and fall, a considerable portion of the City would have suffered from an inevitable accumulation of rain water, the stagnancy of which might have caused material injury and endangered the public health — whilst, so far as plaintiff is concerned, the injury it apprehends is not of an irreparable character, and can hardly be compared to that which might result from the unexpected suspension of a, legitimate or usurped privilege, the exercise of which plaintiff appears to have silently tolerated from 1871 to 1877. Its prolonged tolerance may not amount to a renunciation of its alleged rights, but it justifies the action of the lower Court. The dissolution of the injunction did not — in the least — reduce the extent of plaintiff’s possession, as enjoyed by it at and before the date of the injunction. That dissolution merely reinstated the parties in the position which they had previously occupied; and provisionally continued a state of things abruptly repressed and which — before the repression — had openly existed for upwards of six years. In this there is no error.
The judgment appealed from is — therefore—affirmed with costs.
Mr. Justice Egan took no part in the decision of this case.